## (April 21, 1939.)

Carll Smith Chace, Respondent, v. Eleanor Upton Chace, Appellant.

Per Curiam. It appears upon this motion that alleged difficulties are presented with reference to the custody of the children and visitation by the plaintiff. We were of opinion that it was to the best interests of the children that they should remain under the care of their mother in Massachusetts, where they may be educated with least expense to the parents. The plaintiff, however, states that he is unwilling to go to Massachusetts to see the children, because of an outstanding order of a court of that State which directs him to pay certain sums of money. He states that he complied with that order until the judgment appealed from

was entered directing him to pay for the support of the children, conditioned upon their return to this State.

From the record before us we are not in a position now to determine whether there is a substantial basis for plaintiff's claim. The alleged difficulties may be more fancied than real and may be obviated after both parties have a further opportunity to present testimony.

Under the circumstances, therefore, this motion should be granted, and the judgment further modified by providing that either party may apply at Special Term to reopen the case and take additional testimony to the end that the best interests of the children may be conserved.

Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.; Glennon and Untermyer, JJ., dissent and vote to affirm the judgment as entered.

Motion for reargument granted, and the judgment further modified by providing that either party may apply at Special Term to reopen the case and take additional testimony to the end that the best interests of the children may be conserved. Settle order on notice.